### R. E. Berry, Appellant, v. W. W. Berry, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. MCBRIDE, Judge, presiding.    Heard in this court at the April term, 1916.    Reversed and remanded.    Opinion filed October 13, 1916.

### Statement of the Case.

Action of forcible entry and detainer by R. E. Berry, by Eugene Virden, his conservator and next friend, against W. W. Berry, defendant, for the possession of certain farm lands.    From a judgment entered on a directed verdict for defendant, plaintiff appeals.

More than thirty years before bringing the action, the plaintiff acquired title by purchase to the land in controversy, consisting of about one hundred and sixty acres in Christian county.    Fifty acres of the tract in question lies on the south side of the south fork of the Sangamon River, the rest of the tract, consisting of one hundred and ten acres, lies north of the south fork of the river.    The evidence showed that between twenty and twenty-five years before the suit was brought, defendant moved into a little cabin located on the north side of the river and plaintiff permitted him to remain there because he was his son and did not like to put him off.    Plaintiff asked him several times to pay rent, and defendant told him that he would settle

with him sometime, but never paid any rent. Plaintiff has paid all the taxes on the land during these years. Plaintiff had no knowledge that defendant claimed any title to the lands until about a year before the suit was brought.

GEORGE T. WALLACE, for appellant.

S. H. CUMMINS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. ADVERSE POSSESSION, § 86*—*what is essential to establish adverse possession of child against parent.* Where premises owned by a parent are occupied by his child by permission, in order to establish title by adverse possession there must be clear and positive proof of an open disclaimer of the title of the parent and the assertion of hostile title by the child, and the knowledge of the assertion of such hostile title must be brought home to the parent and such hostile possession and assertion of title must be continued for twenty years thereafter.

2. FORCIBLE ENTRY AND DETAINER, § 31*—*when notice or demand is not prerequisite to bringing action.* No notice to quit or demand for possession is necessary before beginning an action of forcible detainer where the relation of landlord and tenant does not exist, or where the tenant repudiates the relationship and claims to be the owner in fee by adverse possession.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.